B. Shackman & Co. v. United States

No. 5838.—Invoices dated Sonneberg, Thur., Germany, May 21, 1935, etc.
  Certified May 29, 1935, etc.
  Entered at New York, N. Y., June 10, 1935, etc.
  Entry No. 835332, etc.

(Decided March 4, 1943)

Sharretts & Hillis (Arthur L. Tallman of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

Cole, Judge: The appeals listed in schedule A, attached hereto and made a part hereof, bring for determination the proper dutiable values of certain Christmas-tree ornaments and glass animals or novelties, exported from Sonneberg, Germany, and imported at the port of New York.

The cases were submitted for decision on February 19, 1943, on a stipulation wherein the parties agree that—

the glass Christmas-tree ornaments, glass animals or novelties, on the invoices covered by the reappraisement appeals enumerated in the annexed schedule A, exported from Germany during the period from March 1935 through December 1938, and the per se unit invoice prices therefor and the market conditions with

respect thereto, are the same in all material respects as the glass Christmas-tree ornaments, glass animals or novelties, the per se unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co. et al.* v. *United States, Reappraisement Decision 5094,* * * *. the record in said *R. D. 5094* may be and hereby is incorporated as a part of the record in the reappraisements listed in said schedule A.

In the *Woolworth* case, *supra,* the question before the court was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas-tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable value of the merchandise; or whether higher prices charged by commissionaires or dealers was the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value, as defined in section 402 (c) and (d) of the Tariff Act of 1930, and accordingly held such values to be the proper ones for tariff purposes.

Acquiescing in the above agreement, the court finds that there existed for the glass animals or novelties referred to an export value, and for the Christmas-tree ornaments in question both an export value and a foreign value, as they are defined in section 402, and accordingly holds such dutiable values, for the merchandise exported prior to January 1, 1938, to be *per se* unit invoice prices, and for the merchandise exported subsequent to the said date, the *per se* unit invoice prices, plus 3½ per centum social assessments; all of the foregoing to have added thereto, when not included in the *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals, having been abandoned as to all other merchandise, are hereby dismissed so far as they relate thereto.

Judgment will be rendered accordingly.